**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| KAUMERINE BROOKS, | ) | CASE NO. 1:26-cv-1765 |
| | ) | |
| Plaintiff, | ) | JUDGE CHARLES E. FLEMING |
| | ) | |
| v. | ) | |
| | ) | |
| RASHEE BROOKS, *et al.*, | ) | **MEMORANDUM OPINION AND** |
| | ) | **ORDER** |
| Defendants. | ) | |
| | ) | |

## I. INTRODUCTION

*Pro se* Plaintiff Kaumerine Brooks has filed a civil complaint against Rashee Brooks, Otis King, Jr. and the Cleveland Police Department. (ECF No. 1). With his complaint, Plaintiff filed a motion to proceed *in forma pauperis* ("IFP Motion"). (ECF No. 2). The IFP Motion is **GRANTED**.

The complaint does not appear to set forth a specific cause of action or legal claim. Under the section asking what event gave rise to Plaintiff's claim, it states: "civil rights violations constitutional rights human rights . . . violations." (ECF No. 1, PageID #4). Under the facts section, it states: "Plaintiff is put under pressure/duress by Rashee Brooks/Defendant wife Gerdice/social media phone company will explain in detail upon request from Judge Cleveland Police Department is a willing participant of violating Plaintiff rights under pressure." (*Id.*). The complaint does not indicate what injuries Plaintiff suffered or what relief is being requested. (*Id.* at PageID #5). For the reasons discussed below, Plaintiff's complaint is **DISMISSED**.

## II. STANDARD OF REVIEW

Plaintiff is proceeding *in forma pauperis*, so his complaint is subject to initial screening under 28 U.S.C. § 1915(e)(2)(B). Under that statute, federal district courts are expressly required

to screen all *in forma pauperis* complaints filed in federal court, and to dismiss before service any such complaint that the court determines is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. *See Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (holding that the dismissal standard articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) for determining a motion to dismiss under Fed. R. Civ. P. 12 (b)(6) governs dismissals for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)).

To survive a dismissal for failure to state a claim, a *pro se* complaint must set forth sufficient factual matter, accepted as true, to state a plausible claim for relief on its face. *Id.* at 471. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Although detailed factual allegations are not required, the "allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Iqbal*, 556 U.S. at 678. Even though the standard of review for *pro se* pleadings is liberal, the generous construction afforded *pro se* plaintiffs has limits. *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996). *Pro se* plaintiffs must still meet basic pleading requirements, and courts are not required to conjure allegations on their behalf or "guess at the nature" of their claims. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989).

## III. DISCUSSION

Upon review, the Court finds that Plaintiff's complaint must be dismissed under § 1915(e)(2)(B). Although specific facts are not required, to meet the basic minimum notice pleading requirements of Rule 8 of the Federal Rules of Civil Procedure, the pleadings must give

the defendants fair notice of what Plaintiff's legal claims are and the factual grounds on which they rest. *See Bassett v. Nat'l Collegiate Ath. Ass'n*, 528 F.3d 426, 437 (6th Cir. 2008); *see also Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 437 (6th Cir. 1988) (providing that all complaints must contain either direct or inferential allegations respecting all material elements of some viable legal theory to satisfy federal notice pleading requirements) (citations omitted). Plaintiff's complaint fails to meet the requisite pleading standard because the pleadings fail to set forth "a short and plain statement of [any] claim showing that [Plaintiff] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). The complaint contains little facts or explanation, and is somewhat indecipherable, such that the Court cannot ascertain for certain what specific claims or legal theories are being asserted. Thus, the complaint, as written, does not give the Court or Defendants fair notice and fails to meet the minimum pleading requirements of Rule 8. *Iqbal*, 556 U.S. at 678.

Although a district court is permitted to dismiss complaints after screening under 28 U.S.C. § 1915(e)(2), the Sixth Circuit has held that dismissing a case for Rule 8 violation without first granting leave to amend and an opportunity to fix pleading deficiencies is a harsh sanction and an abuse of discretion. *See, e.g.*, *Bickham v. Macy's, Inc.*, No. 25-5062, 2025 U.S. App. LEXIS 13278, at *5 (6th Cir. May 30, 2025) ("We have held that a district court abused its discretion when it dismissed a complaint on Rule 8 grounds without granting leave to amend, even when the dismissal was without prejudice."); *Miller v. Alco Mgmt.*, No. 22-5825, 2023 U.S. App. LEXIS 6981, at *4–5 (6th Cir. Mar. 20, 2023) ("Dismissal is a 'harsh sanction' that is generally appropriate only after the court gives 'multiple opportunities to fix the complaint and the plaintiff has persisted in noncompliance.' Thus, before dismissing the case, the district court should have given [the plaintiff] an opportunity to fix the deficiencies it identified in his complaint." (internal citation omitted)). This approach conforms with Rule 15's mandate that leave to amend should be

freely granted "when justice so requires." Fed. R. Civ. 15(a). Even so, "[a] court need not grant leave to amend . . . where amendment would be 'futile.'" *Miller v. Calhoun Cnty.*, 408 F.3d 803, 817 (6th Cir. 2005) (quoting *Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 9 L. Ed. 2d 222 (1962)).

As a result, the Court will grant Plaintiff leave to amend his complaint and allow him an opportunity to address the various pleading deficiencies discussed above and provide Defendant sufficient notice of the claims against it. That said, Court does not grant leave to Plaintiff to add claims unrelated to the allegations set forth in the original complaint. Nor is Plaintiff granted leave to add additional defendants.

## IV. CONCLUSION

For the foregoing reasons, the complaint is **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. §1915(e). Plaintiff is **GRANTED** leave to amend the complaint consistent with the instructions in this Order and shall file such an amended complaint on or before October 3, 2026. Plaintiff is warned that a failure to file an amended complaint by the Court's deadline will result in dismissal of this action without further notice for failure to prosecute pursuant to Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

Date: September 3, 2026

Charles Fleming

**CHARLES E. FLEMING**
**UNITED STATES DISTRICT JUDGE**